IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANDY JARDINAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 18 CV 7329 |
| ) | |
| The CITY OF CHICAGO, Illinois, a municipal ) | Judge ALONSO |
| corporation, and Chicago police officers ) | |
| RODRIGO CORONA #7852 and MANUEL ) | Magistrate Judge COLE |
| ARROYO #5780, ) | |
| ) | |
| Defendants. ) | |

# JOINT RULE 26(f)(1) INITIAL STATUS REPORT

Plaintiff and Defendants, by and through counsel of record, jointly present their Rule 26(f)(1) initial status report to the Court as follows:

1. **Nature of the Case.**

   a. <u>Basis for federal jurisdiction:</u> Jardinas has brought civil rights claims under 42 U.S.C. §1983. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 and 1343.

   b. <u>Nature of the claims asserted:</u> Jardinas alleges that Defendant Corona used excessive force upon him by violently shoving him to the ground while he was handcuffed and inside a concrete holding room. Jardinas hit his head on the concrete floor causing a subdural hematoma and a brain injury that required hospitalization. Jardinas alleges that Defendant Arroyo failed to intervene and then conspired with Corona to cover up their misconduct. Jardinas also alleges *Monell* claims against the Defendant City for its code of silence, failure to investigate, track, and discipline its police officers for their use of excessive force.

   Defendants deny all of Plaintiff's allegations.

   c. <u>Relief Sought:</u> Plaintiff is seeking compensatory and punitive damages against Defendants, declaratory relief in the form of a finding on the policy claim, and costs and attorneys' fees.

   d: <u>Jury Demand:</u> The parties request trial by jury.

   e. <u>Service:</u> All defendants have been served.

2. **Discovery and Pending Motions.**

   a. <u>Pending Motions:</u> Plaintiff's Motion for Confidentiality Order. Defendants object to Plaintiff's Confidentiality Order. Defendants will be responding to Plaintiff's Motion by

    filing a response and cross-motion requesting that Defendants' proposed Confidentiality Order be entered.

  b. Discovery Proposal:

    1. Type of discovery needed:

    *Plaintiff's position:* Discovery will be needed on liability and damages for each of Plaintiff's claims. Plaintiff does not anticipate the need for additional depositions beyond what is allowed by the FRCP. Plaintiff does anticipate the need for electronic discovery, including emails, but does not anticipate the need for bifurcated discovery.

    *Defendants' position:* Discovery will be needed on liability and Plaintiff's alleged damages. Defendants anticipate numerous depositions including party, witness and treating physician depositions. Due to the scope of Plaintiff's *Monell* claim, the City anticipates filing a Motion to Bifurcate Discovery as to that claim.

    2. Protective order: Plaintiff has proposed the Northern District's Model Confidentiality Order to Defendants because discovery will include medical records. Defendants object to Plaintiff's Confidentiality Order and Defendants will be responding to Plaintiff's Motion by filing a response and cross-motion requesting that their proposed Confidentiality Order, as well as a proposed HIPAA order, be entered. Defendants will also move to enter a MHDDCA order, should Plaintiff make any claims of mental health and/or emotional damages.

    3. Date for 26(a)(1) disclosures: This case is in the Mandatory Initial Discovery Pilot Program and the parties' disclosures are due January 17, 2019.

    4. Fact discovery completion:

    The parties propose a fact discovery closure date of June 20, 2019.

    5. Expert discovery:

    *Plaintiff's position:* Plaintiff has not yet determined whether expert discovery will be necessary in this case. Given Plaintiff's head injury, expert discovery may be necessary.

    *Defendants' position:* Defendants have not yet determined whether expert discovery will be necessary, however potential medical experts as well as use of force experts may be necessary in this case. Expert discovery relating to Plaintiff's *Monell* claims will also be necessary should the *Monell* claims not be bifurcated.

3. **Settlement and Referrals.**

  a. Settlement discussions: The parties have had no meaningful settlement discussions.

  *Plaintiff's position*: Plaintiff is willing negotiate with Defendants directly or to participate in a settlement conference. Plaintiff may need to acquire medical records and bills before making

      a demand but Plaintiff is willing to issue a demand if Defendants will agree to make a monetary offer in return. If Defendants will not agree to make monetary offer, then it is Plaintiff's position that Defendants are not ready to negotiate in good faith.

      *Defendants' position*: Defendants are willing to engage in settlement discussions upon receipt of a demand by Plaintiff.

b. <u>Settlement conference:</u> Plaintiff is willing to participate in a settlement conference with this Court before the accumulation of fees and costs. Defendants may be open to participating in a settlement conference contingent on receipt of a demand by Plaintiff.

c. <u>Consent:</u> The parties do not unanimously consent to proceed before the Magistrate Judge.

Respectfully submitted,

/s Kathleen A. Hennessy
One of Plaintiff's Attorneys

Kathleen A. Hennessy
Torreya L. Hamilton
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173

/s/Allison L. Romelfanger
Allison L. Romelfanger
Julie Murphy
Cheryl Friedman
City of Chicago, Dept. of Law
30 N. LaSalle, Suite 900
Chicago, Illinois 60602
312-744-5890
Attorney No. 631003
Attorneys for Individual Officers

/s/Marion Moore
Marion Moore
David Hartmann
Andrea Campbell
City of Chicago, Dept. of Law
30 N. LaSalle, Suite 900
Chicago, Illinois 60602
312-744-5170
Attorney No6302566
Attorneys for the City of Chicago

3